## THE TOLEDO, PEORIA & WARSAW RAILWAY COMPANY

### *v.*

## HERMAN KICHLER *et al.*

EVIDENCE—*concerning the admissibility of certain evidence in a particular case— to determine value.* In an action against a railway company for damages, in the failure to deliver a certain quantity of whiskey, which it had undertaken to do, the defendants, on the trial, offered to prove that the whisky had been shipped by the plaintiffs in fraud of the United States Revenue Laws, no tax having been paid thereon, which evidence the court refused to admit: *Held,* that this evidence was proper, for the purpose of determining the value of the whiskey. For, if the tax of two dollars per gallon had been paid, the value of the raw material would be enhanced to that extent, and if not paid, it would be decreased that amount.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was an action on the case, brought by the defendants in error against the plaintiffs in error, in the Tazewell Circuit Court, to recover the value of thirty barrels of whiskey and twenty barrels of pork, which were alleged to have been destroyed by fire, in an accident happening on the railroad of the plaintiffs in error. The cause was tried before the court, a jury having been waived, and a finding and judgment

rendered for the plaintiff for $3,243.00.    The record is brought
to this court by writ of error.

Mr. R. G. INGERSOLL and Mr. S. D. PUTERBAUGH, for the
plaintiffs in error.

Messrs. PRETTYMAN & RICHMOND, for the defendants in
error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There is but one point presented on this record, which we
deem necessary to consider, and that is the one made by the
fourth assignment of error.

On the trial, the defendants offered to prove that no tax had
been paid on the whiskey, and that it was shipped in fraud of
the revenue laws of the United States, and that the plaintiffs
knew no tax had been paid on it.    The court refused to admit
this evidence, and this is the fourth error assigned.

This court, it is conceded, does not sit to enforce the revenue
laws of the United States, nor is that its province.    But that
is not the question, as we view it.    The plaintiffs seek to reco-
ver the value of the whiskey lost by the defendants, and
which they had undertaken to carry safely and deliver to the
consignee.    How is this value to be determined?    That article
has different values, at different times.    It is subject by law to
a tax of two dollars upon each gallon, which, if paid, enhances
the raw material to that extent.    Supposing the article
untaxed, to be worth twenty-five cents per gallon, with the tax
paid upon it the value would be two dollars and twenty-five
cents per gallon, therefore, it was a fair and proper question
before the court, in order to determine the value, was the
tax paid on the whiskey?    If it was paid, then its value would
be that of the whiskey with the tax added.    If it was not

paid, the value would be less by the amount per gallon of the tax.

It is said by defendants in error, that the bill of lading shows there were barrels of whiskey, which means, in commercial phrase, rectified whiskey, and that the government tax must be paid on all highwines before they are rectified, and the presumption of law therefore was, that the tax was paid on the whiskey.

We do not know, and it was not proved, that in commercial parlance, " barrels of whiskey" means rectified whiskey, for raw whiskey is put in barrels. Admitting that, in theory, the government tax is paid on all highwines, before they are rectified, in practice, it is not always done. On the plaintiff's own admission, it is but a presumption the tax was paid on this whiskey. Being but a presumption, it was open to rebuttal by proof of the contrary, which the court refused to receive, and therein erred.

The defendants have been condemned to pay a value which the article lost did not possess if the tax upon it was not paid. For this error, the judgment is reversed and the cause remanded.

*Judgment reversed.*